UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0511 FMO (ASx)** | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Nutsiri Kidkul v. Los Angeles Maison, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:**   (In Chambers) Order Remanding Action

On December 12, 2017, Nutsiri Kidkul ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Los Angeles Maison, LLC, d/b/a Sofitel Los Angeles ("defendant"), asserting a claim for violation of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2; Dkt. 1-1, Complaint at ¶¶ 58-66). Defendant removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). (See Dkt. 1, NOR at p. 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0511 FMO (ASx) | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Nutsiri Kidkul v. Los Angeles Maison, LLC** | | |

expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[2] In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115,

---

[2] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0511 FMO (ASx)** | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Nutsiri Kidkul v. Los Angeles Maison, LLC** | | |

1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] The amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-1, Complaint at 16-17).

Even accepting defendant's contention that plaintiff seeks up to $34,999 in statutory damages, (see Dkt. 1, NOR at ¶ 6), it has not shown that the amount in controversy exceeds $75,000. (See, generally, id. at ¶¶ 6-10). Defendant asserts that considering plaintiff's request for attorney's fees and injunctive relief establishes the jurisdictional threshold. (See id. at ¶¶ 7-10).

Defendant's reliance on plaintiff's request for attorney's fees does not aid it. (See Dkt. 1, NOR at ¶¶ 7-8). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109, at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendant provides no evidence of the amount of attorney's fees that had been incurred at the time of removal. (See, generally, Dkt. 1, NOR at ¶¶ 7-8). Thus, defendant has not

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0511 FMO (ASx) | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Nutsiri Kidkul v. Los Angeles Maison, LLC** | | |

shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough").

With respect to injunctive relief, (see Dkt. 1 NOR at ¶¶ 9-10), defendant proffers no evidence regarding the costs of compliance with any potential injunctive relief order, (see, generally, id.), and instead speculates based on assessment costs in other unrelated cases. (See id.; see also Dkt. 5, Declaration of David Razman at ¶ 5). For instance, defendant does not provide an estimate from an expert regarding costs of assessment or compliance with respect to defendant's own website. (See, generally, id.). Thus, defendant has not shown by a preponderance of the evidence that the pecuniary result of any injunctive relief would be sufficient to meet the jurisdictional threshold.

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted); Valdez, 372 F.3d at 1118 (same). Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer      vdr